UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H.W., individually and on behalf of M.W., a child with a disability,

                              Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

No. 20-CV-10591 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff H.W., individually and on behalf of her son, M.W., filed this lawsuit against the New York City Department of Education (the "DOE") in connection with two underlying administrative proceedings brought to enforce M.W.'s right to a free and appropriate public education ("FAPE"). After successfully obtaining funding for her son's private school tuition, Plaintiff filed this motion for attorneys' fees under the fee-shifting provision of the Individuals with Disabilities Education Act (the "IDEA"). 20 U.S.C. § 1415(i)(3). Plaintiff requests $109,639.43 in fees and costs for both the underlying administrative proceedings and this federal action. The Court grants the request, with some modifications.

## BACKGROUND

      The Court draws the following facts from the declarations of the lawyers who represented the parties in this action: Andrew Cuddy ("Cuddy Decl."), Kevin Mendillo ("Mendillo Decl."), Martin Bowe ("Bowe Decl."), Emily Goldman ("Goldman Decl."), and Jeffrey Cassuto ("Cassuto Decl."), as well as the exhibits attached thereto.

Plaintiff's attorneys are from the Auburn, New York office of Cuddy Law Firm ("CLF"), which is "one of the largest private special education law firms in the country." Cuddy Decl. ¶¶ 11-12. Plaintiff's counsel initiated two underlying administrative proceedings—Case Numbers 169521 and 185460—on Plaintiff's behalf by filing a due process complaint ("DPC") with the Impartial Hearing Office of the DOE. Mendillo Decl. ¶¶ 16-20, 46-50. The DPCs alleged that the DOE had violated the IDEA by denying M.W. a free and appropriate public education during the 2017-2018 and 2019-2020 school years. *Id.* Plaintiff sought reimbursement and direct payment of M.W.'s tuition for those years at Gersh Academy, the private special education school that M.W. has attended since 2015. *Id.* ¶¶ 20, 50; Mendillo Decl. Ex. A at 2.

The administrative hearing on the merits for Case Number 169521 lasted a total of 3.2 hours across three days. Cassuto Decl. ¶¶ 12-16. At this hearing, Plaintiff presented 27 exhibits and three witnesses, while the DOE presented 15 exhibits but no witnesses. *Id.* The DOE did not contest the issue of whether it had denied M.W. a FAPE during the 2017-2018 school year. Mendillo Decl. ¶ 34. At the conclusion of the hearing, Plaintiff submitted a 15-page closing statement. Cassuto Decl. ¶ 17.

The administrative hearing on the merits for Case Number 185460 lasted a total of 2.2 hours. *Id.* ¶ 28. This time, Plaintiff presented 25 exhibits and two witnesses, while the DOE introduced three exhibits but no witnesses. *Id.* ¶ 27-28; Mendillo Decl. ¶ 60. Again, the DOE declined to contest the issue of whether it had denied M.W. a FAPE during the 2019-2020 school year. *Id.* And again, Plaintiff submitted a 15-page closing statement after the hearing concluded. *Id.* ¶ 61.

The same Impartial Hearing Officer ("IHO"), Leah Murphy, presided over both administrative actions. In both cases, the IHO ultimately issued Findings of Fact and Decision

("FOFD") in favor of Plaintiff and ordered reimbursement or direct payment to Gersh Academy of M.W.'s tuition. *See* Mendillo Decl. Exs. E, H. Specifically, in both actions, the IHO found that the DOE had "conceded that it had not developed a free appropriate public education for M.W." and that "his parents sustained their burden to demonstrate that the program M.W. received at the Gersh Academy was appropriate to meet his needs." *Id.* Ex. E at 11; Ex. H at 14-15.

In the months following the issuance of the IHO's FOFDs, CLF continued to assist Plaintiff with implementation efforts and with ensuring the DOE's compliance with the IHO's orders. Mendillo Decl. ¶¶ 43, 64-65. On December 15, 2020, CLF commenced this federal action to compel the DOE to make the tuition payments that the IHO had ordered in the second administrative proceeding. *Id.* ¶ 67; *see* Dkt. 1. The claims relating to the DOE's failure to implement the IHO's order have since been resolved. Mendillo Decl. ¶ 70. Thus, the only dispute that remains concerns Plaintiff's entitlement to reasonable attorneys' fees and costs from the DOE. *Id.* ¶ 71.

On December 30, 2020, the DOE sent CLF an offer to settle Plaintiff's fee claims for $54,500 ($32,500 for Case Number 169521 and $22,000 for Case Number 185460). Cassuto Decl. ¶ 21 n.6, ¶ 34 n.10. That offer was not accepted. CLF now seeks a total of $109,639.43 in fees and costs—consisting of $53,577.86 for the first administrative action, $35,797.07 for the second, and $20,264.50 for the instant federal action. Cuddy Decl. ¶ 58. That amount reflects, respectively, 132.3, 88.1, and 44.8 total hours billed by CLF attorneys and paralegals for each of the three components of this case. *See id.* CLF also seeks post-judgment interest. *Id.* ¶ 61.

The DOE does not dispute that Plaintiff, as the prevailing party in the administrative actions, is entitled to attorneys' fees. However, the DOE argues that both the rate sought for CLF's attorneys and paralegals and the number of hours CLF billed are unreasonable.

**LEGAL STANDARD**[1]

"The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a 'prevailing party.'" *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-cv-6851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019) (quoting § 1415(i)(3)(B)(i)). A plaintiff "prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014). As stated, the DOE does not dispute that Plaintiff was the prevailing party in the administrative actions.

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Bd. of Educ.*, 408 F. App'x 411, 415-16 (2d Cir. 2010). In determining whether an hourly rate is reasonable, courts primarily consider the prevailing market rates in the community for comparable legal services. *See* § 1415(i)(3)(C) (providing that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished"). The prevailing market rate has been characterized as "the rate a paying client would be willing to pay . . . bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021). Courts also consider the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). Because "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), courts may consider the *Johnson* factors holistically, rather than applying each factor individually to the facts of the case. *See Green v. City of New York*, No. 05-cv-0429 (SLT) (ETB), 2010 WL 148128, at *10 (E.D.N.Y. Jan. 14, 2010). The trial court's goal should be "to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Second Circuit has observed that "recycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [the applicable statute] and compensation available in the marketplace," which would "undermine [the statute's] central purpose of attracting competent counsel to public interest litigation." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005). Accordingly, while a court may consider rates awarded in prior similar cases and its "own familiarity with the rates prevailing in the district," it should also evaluate the "evidence proffered by the parties." *Id.*

## ANALYSIS

Although Plaintiff was the prevailing party in both of the administrative actions and is therefore unquestionably entitled to fees and costs, the Court concludes that certain aspects of the hourly rates sought, the hours submitted, and the costs requested are not reasonable. The Court thus grants Plaintiff's motion for attorneys' fees and costs but makes reductions to the hourly rates, number of hours awarded, and certain costs.

**I.      Hourly Rates**

Applying the *Johnson* factors holistically here, the Court concludes that they do not support Plaintiff's proposed hourly rates. Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this matter was "undesirable." *Lilly*, 934 F.3d at 228. Rather, the two administrative proceedings appear to have been fairly standard impartial hearings on special education issues. *See* Goldman Decl. ¶ 10. Indeed, this was CLF's fourth and fifth consecutive year litigating a tuition reimbursement claim for the same student in the same school program, *id.*, and even the IHO noted that M.W. was "well known to the District," Mendillo Decl. Ex. H (FOFD) at 4. The proceedings were "minimally contested," Bowe Decl. ¶ 35, as the DOE did not put on any witnesses during the hearings and even conceded that it had denied M.W. a FAPE during the two relevant school years. And the hearings on the merits in both administrative actions lasted less than six hours combined.

To be sure, at least one factor does support the fees sought here. Specifically, the Court recognizes that CLF obtained for Plaintiff all of the relief she sought for her son, and that "the degree of success obtained by plaintiff's counsel" is "the most critical factor in determining the reasonableness of a fee award," *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 CIV. 7632 (PAE), 2018 WL 3769972, at *11 (S.D.N.Y. Aug. 9, 2018) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Yet this factor alone does not outweigh the rest, which support a reduction in the fee rate sought.

For the reasons already articulated in the Court's recent opinion in *V.W. v. New York City Dep't of Educ.*, No. 20-CV-2376 (RA), 2022 WL 37052, at *3-6 (S.D.N.Y. Jan. 4, 2022), which concerns nearly all of the same CLF attorneys and paralegals as this case, the Court modifies the hourly rates as follows. For CLF's senior attorneys—Andrew Cuddy, Michael Cuddy, and Jason

6

Sterne—the Court finds that an hourly rate of $400 is appropriate for each of them. For Kevin Mendillo, the Court finds that an hourly rate of $300 is appropriate. For Britton Bouchard, who had only one year of experience at the time he worked on this case, an hourly rate of $200 is appropriate.[2] Finally, the Court finds that a rate of $100 per hour is appropriate for paralegals Allison Bunnell, Amanda Pinchak, Khrista Smith, Cailin O'Donnell, Emma Bianco, Sarah Woodard, and Diana Gagliostro, while a rate of $125 per hour is appropriate for senior paralegal Shobna Cuddy.[3]

## II.     Number of Hours

District courts reviewing fee petitions must exclude "hours that are excessive, redundant, or otherwise unnecessary, allowing only those hours that are reasonably expended." *Hernandez v. Berlin Newington Assocs.*, LLC, 699 F. App'x 96, 97 (2d Cir. 2017). To determine the reasonableness of hours spent on a matter, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *Hensley*, 461 U.S. at 436-37; *see also M.D.*, 2018 WL 4386086, at *4 (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)) ("Rather than engage in a painstaking line-item review of each billing entry, in calculating an

---

[2] Another junior attorney, Benjamin Kopp, appears to have worked on this case. Because all of Kopp's hours were subject to a discretionary reduction, *see* Cuddy Decl. Ex. A at 1, the Court does not consider him in its analysis.
[3] The Court notes that Plaintiff did not provide any information regarding Khrista Smith and Emma Bianco's experience or qualifications. Plaintiff bears the burden of providing evidence to support her fee application. *See Torres v. City of New York*, No. 07 CIV. 3473 GEL, 2008 WL 419306, at *2 (S.D.N.Y. Feb. 14, 2008) ("Although it is his burden to do so, plaintiff presents no evidence regarding the skills, qualifications, or experience of the paralegal here."). When such evidence has not been provided, courts typically award fees at the bottom of the customary fee range. *See L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 523 (S.D.N.Y. 2010) ("If plaintiffs had provided no information about the paralegals' levels of experience, an award at the lower end of the range might be appropriate."). The Court thus assumes that Smith and Bianco, like Bunnell, Pinchak, O'Donnell, Woodard, and Gagliostro, are junior paralegals at CLF with relatively little experience, to be distinguished from senior paralegal Shobna Cuddy, and approves a $100 hourly rate for them.

appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'").

The DOE argues that the hours billed for both the underlying administrative proceedings and the instant federal action are unreasonable, and provides several specific examples of purportedly improper time entries. *See* Bowe Decl. ¶¶ 17-43. The Court agrees that some of Plaintiff's billing entries evidence redundant or excessive billing practices and that a reduction is thus warranted.

As discussed above, the DOE asserts (and Plaintiff does not dispute) that CLF had already represented the same student in his claim for tuition at the same private school for the 2014-2015, 2015-2016, and 2016-2017 school years. Plaintiff's counsel thus was, or should have been, intimately familiar with the details of M.W.'s case. But CLF billed 9.7 hours for drafting the first 10-page DPC and 10.5 hours for the second, despite the substantial overlap in content, particularly with regard to descriptions of the student's educational history, abilities, and needs, and descriptions of the school program. Although Plaintiff argues that "a DPC is largely drafted from scratch and involves a thorough review of the child's educational records before drafting of the DPC can commence," Dkt. 16 (Pl.'s Br.) at 24, the Court is not convinced that it was necessary to draft the DPCs entirely from scratch for the fourth and fifth time, given counsel's presumed familiarity with M.W.'s circumstances.

Additionally, following both of the IHO's favorable decisions, Andrew Cuddy and Kevin Mendillo both inexplicably billed 0.4 or 0.5 hours for "appeal analysis," even though Plaintiff received all of her requested relief from the IHO. Even if such an analysis were warranted, the Court is not persuaded that it was necessary for both Cuddy and Mendillo to spend time reviewing the IHO's favorable decisions. *See R.G.*, 2019 WL 4735050, at *4 n.7 ("A reasonable paying

client would not pay two experienced litigators to determine that they had prevailed at the IHO level.").

Further, several billing entries indicate that time was billed for the mere receipt and filing of electronic or paper documents and the review of ECF notifications. *See, e.g.*, Cuddy Decl. Ex. B at 13 (paralegal billed 0.2 hours to "[r]eceive impartial hearing transcript in mail, already on electronic file, forward to KMM"); *id.* at 16 (paralegal billed 0.1 hours to "prepare parent disclosure to be mailed to Leah Murphy Esq., upload to electronic file, forward to SC for postage"); *id.* at 22 (paralegal billed 0.1 hours to "[r]eceive emails between KMM and client . . . [and] categorize and upload to electronic file"); Cuddy Decl. Ex. C at 3 (attorney billed 0.1 hours to "[r]eview ECF notifications regarding assignment of judge and magistrate and processing of summons; update case notes to reflect the same"). Such activities, which are purely administrative in nature, are generally not compensable. *See Dotson v. City of Syracuse*, No. 5:04-CV-1388 NAM/GJD, 2011 WL 817499, at *26 (N.D.N.Y. Mar. 2, 2011), *aff'd*, 549 F. App'x 6 (2d Cir. 2013) ("Clerical tasks such as *organizing case files* and *preparing documents for mailing* are not compensable.") (emphasis added); *Siegel v. Bloomberg L.P.*, 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("With respect to tasks that are 'purely clerical,' such as downloading, scanning, or copying documents and organizing files, such work is generally not compensable, whether performed by an attorney or a paralegal."); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed under fee shifting statutes regardless of who performs them.").

As a last example, Kevin Mendillo billed 11.2 hours for drafting Plaintiff's memorandum of law in support of her motion for summary judgment. *See* Cuddy Decl. Ex. C at 7. A comparison of Plaintiff's opening brief in this case with those recently filed by CLF in similar IDEA cases

9

reveals that the vast majority of its substance—approximately 17 of the 25 pages—was copied and pasted from submissions in other cases. *See* Bowe Decl. Ex. A. Of the remaining pages, three to four are devoted to a straightforward recitation of procedural history. Although the Court recognizes that similar attorneys' fee motions will necessarily involve similar legal issues, the Court agrees with the DOE that the number of hours billed by CLF to do such "cut-and-paste" work is unreasonable. *See R.G.*, 2019 WL 4735050, at *5 n.8 ("The Court sees no reason why a legal brief that involves a recitation of straightforward procedural history, with recycled legal standards, should take counsel, with over 15 years of relevant experience, more than 10 hours to draft. If, in fact, the brief took that long to draft, then the hourly rates granted for those attorneys are excessive.").

As already discussed, this was a relatively straightforward case that was, as the DOE notes, only "minimally contested," CLF's submissions were not unusually complex and did not pose difficult legal questions, and the hearings lasted only a few hours total. In light of this, and the aforementioned examples of excessive billing, the Court finds that the number of hours billed is generally disproportionate to the complexity of and work required in this case. In comparable cases brought by CLF, courts in this District have reduced the firm's hours by 20 to 50 percent. *See, e.g.*, *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-cv-11783 (RA), 2021 WL 3406370, at *4-5 (S.D.N.Y. Aug. 4, 2021); *M.D. v. N.Y.C. Dep't of Educ.*, No. 20-cv-6060 (LGS), 2021 WL 3030053, at *6 (S.D.N.Y. July 16, 2021). Accordingly, the Court finds that reducing CLF's hours billed by 20 percent across the board will achieve "rough justice."

**III.   Costs**

CLF seeks $976.93 in costs, which includes: $329.50 in printing, $180.50 in copying, $15.93 in postage, $49.00 in tolls, and $402.00 in filing fees. Cuddy Decl. ¶ 58. CLF also seeks

10

$2,250 in travel fees for Kevin Mendillo charged at a rate of $225 per hour (representing 50 percent of his standard requested rate). *Id.*

The DOE argues that CLF should not be compensated for time spent traveling between New York City and Auburn. In support of this proposition, it relies on *M.D. v. New York Dep't of Educ.*, in which the court denied an award of travel fees for another CLF attorney, reasoning that "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip." 2021 WL 3030053, at *5 (quoting *K.F.*, 2011 WL 3586142, at *6); *see also C.D.*, 2018 WL 3769972, at *10 ("The Court is skeptical that a reasonable client would agree to pay its counsel rates customary for this District and for protracted travel time to and from Auburn."). The Court takes the approach that several other judges from this District have taken, which is to approve one hour of reimbursable travel time in each direction. *See id.* (noting that awarding one hour of travel time each way "gives due deference to a parent's desire to hire expert IDEA counsel . . . and to the inevitability of some travel time to the site of the hearing"). Mendillo's billable travel hours are thus reduced to one hour each way for each trip he took to and from New York City in relation to this action. *See, e.g.*, *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *18 (S.D.N.Y. Oct. 13, 2021) (doing the same and collecting cases). Those hours are to be charged at the rate of $150 an hour, or half of his approved hourly rate.

The Court also agrees with the DOE that $0.50 per page for printing and copying is excessive. *See R.G.*, 2019 WL 4735050, at *6. As in *R.G.*, the Court will accept only 10 cents per page in printing and copying expenses. *See id.*[4]

---

[4] To the extent Plaintiff argues that CLF's fees should not be reduced at all because the DOE unreasonably protracted the proceedings, the Court rejects this argument. "[A] conclusion that Defendant unreasonably protracted the resolution of the proceedings and forced Plaintiff to engage in what should have been unnecessary work might justify the reasonableness of some of the hours worked by counsel and the paralegals. However, it would not entitle CLF to

11

## IV. Fees Incurred After Settlement Offer

Finally, the DOE contends that no fees should be awarded for work performed after December 30, 2020—the day that it sent Plaintiff an offer to settle her fee claims for $54,500. The IDEA's fee-shifting provision prohibits an award of fees and costs for work performed after a written offer of settlement is made if "the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer." 20 U.S.C. § 1415(i)(3)(D)(i); *see also O.R. v. New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018). The IDEA also goes on to provide, however, that notwithstanding the preceding paragraph, "an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

Consistent with the Court's calculations and after applying the aforementioned reductions to CLF's fees and costs, the fee award Plaintiff was entitled to as of the settlement offer date was not more favorable than the offered settlement amount of $54,500. Nevertheless, Plaintiff was substantially justified in rejecting the settlement offer because, as she notes, the DOE's settlement proposal "did not amount to an offer that would have settled all issues raised in Plaintiff's complaint, but rather, only the issues involving Plaintiff's claim for attorneys' fees and related expenses." Dkt. 32 (Pl.'s Reply) at 2. As of December 30, 2020, Plaintiff's substantive claims concerning the DOE's failure to issue M.W.'s 2019-2020 tuition payment had not yet been resolved, and the DOE's settlement offer did not provide for the resolution of these claims. The Court therefore concludes that the IDEA's settlement bar does not preclude an award of attorneys'

---

more than a reasonable attorney's fee calculated based on the standards well established by the Supreme Court and in this Circuit." *M.H.*, 2021 WL 4804031, at *25. And, in any event, the Court finds that any protraction on the DOE's part did not rise to the level of "unreasonable."

12

fees for services rendered after the DOE's offer of settlement because Plaintiff was substantially justified in rejecting that offer.

## CONCLUSION

For the foregoing reasons, the Court grants the motion for attorneys' fees and costs, as well as post-judgment interest, but with the following modifications:

(1) CLF is entitled to fees at: an hourly rate of $400 for Andrew Cuddy, Michael Cuddy, and Jason Sterne; an hourly rate of $300 for Kevin Mendillo (reduced by 50 percent for billable travel time); an hourly rate of $200 for Britton Bouchard; an hourly rate of $125 for Shobna Cuddy; and an hourly rate of $100 for Allison Bunnell, Amanda Pinchak, Khrista Smith, Cailin O'Donnell, Emma Bianco, Sarah Woodard, and Diana Gagliostro;

(2) the number of hours billed by all CLF attorneys and paralegals is reduced by 20 percent across the board;

(3) Kevin Mendillo may bill for only one hour of travel time each way for his trips to New York City in connection with the administrative actions; and

(4) printing and copying expenses are to be billed at 10 cents per page.

No later than March 1, 2022, Plaintiff shall submit a proposed judgment consistent with this decision. If the DOE objects to the proposed judgment, it shall file a letter explaining its position no later than March 8, 2022. Absent an objection from the DOE by that date, the Court will sign and docket Plaintiff's proposed judgment.

SO ORDERED.

Dated: February 23, 2022
      New York, New York

                                         Hon. Ronnie Abrams
                                         United States District Judge